FILED

JUL 09 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　　a cc　DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RYAN CALDWELL; CHRISTIE CALDWELL,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>THE BOEING COMPANY; BOEING AEROSPACE OPERATIONS, INC.; BOEING SERVICE COMPANY; *and* DOES 1 through 100, *inclusive*,<br><br>　　　　　　　　　　Defendants. | CASE NO. 14cv2636-BEN (KSC)<br><br>**ORDER GRANTING JOINT MOTION TO APPROVE MINORS' COMPROMISE**<br><br>[Doc. 33] |

On June 2, 2015, the parties filed a Joint Motion for approval of the compromise of the minors' derivative claims in this matter. [Doc. 33] On June 10, 2015, with the parties' consent, District Judge Benitez approved the undersigned Magistrate Judge to exercise jurisdiction over the settlement of the minors' claims. [Docs. 32, 34] On July 7, 2015, this Court held a hearing on the Joint Motion. [Doc. 38] After considering the parties' Joint Motion and confidential submissions, the applicable law, and the arguments raised by counsel at the hearing, this Court GRANTS the Joint Motion and APPROVES the minors' compromise for the reasons stated below.

//
//
//

## A. Background

This case arises from an incident on November 6, 2012, in which an aircraft piloted by Navy Commander Christopher Ryan Caldwell experienced a series of decompression and re-pressurization events over the Pacific Ocean. [Doc. 1] In the Complaint dated November 5, 2014, Commander Caldwell alleges that the Boeing defendants' negligence in performing maintenance work on the aircraft caused the decompression events, which caused him to sustain permanent brain injury. *Id.* at 2. Though the plaintiffs' three minor daughters were not named as plaintiffs in the Complaint, plaintiffs Commander Caldwell and his wife Christie assert loss of consortium claims on their behalf therein. *Id.* at 12.

On January 22, 2015, the parties appeared before the undersigned Magistrate Judge for an Early Neutral Evaluation conference. [Doc. 22] The case did not settle. The parties participated in a telephonic Case Management Conference on March 6, 2015. [Doc. 25] A Scheduling Order was issued shortly thereafter, formally commencing the discovery process. [Doc. 28]

On May 12, 2015, the parties attended a private mediation that resulted in a settlement of all the plaintiffs' claims, brought individually and on behalf of their minor children. [Doc. 33-1, p. 6] The parties filed a Notice of Settlement on May 20, 2015. [Doc. 29] On June 2, 2015, the parties filed a Joint Motion seeking the Court's approval of the compromise of the minors' claims, invoking this District's Local Rule 17.1. [Doc. 33, p. 1] Local Rule 17.1(a) states: "No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment."

After reviewing the parties' Joint Motion, this Court issued an Order setting a hearing and requesting that the parties provide the Court with additional information about the settlement and attorneys' fees. [Doc. 37] The parties lodged the confidential

settlement agreement and other documents on July 6, 2015, and the Court held a closed telephonic hearing with the parties and counsel on July 7, 2015. [Doc. 38]

**B. Legal Standards**

District Courts have a special duty, derived from Rule 17(c) of the Federal Rules of Civil Procedure, to safeguard the interests of litigants who are minors. *Robidoux v. Rosegren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Ninth Circuit has held that where a claim is premised on federal law, "[i]n the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.*

In the case, the parties agree that the case is before the Court in admiralty and that *Robidoux v. Rosgren*, 638 F.3d 1177 (9th Cir. 2011), provides the proper legal standard for evaluating the proposed compromise. [Doc. 33-1, p. 7] Under *Robidoux*, District Courts should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181-82. Importantly, District Courts should do so "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182.

**C. Analysis**

Here, the parties have agreed to settle each of the three minors' loss of consortium claims for $20,000 (for a total of $60,000). [Doc. 33-1, p. 7] Furthermore, the parties recommend that the money be entrusted to the minors' parents, plaintiffs herein, to use specifically for the minors' education and welfare. *Id.* at 9. The Joint Motion sates, "Plaintiffs intend to use the funds from this settlement to continue to support and provide for their daughters and to pay for their college educations and any other needs they may have in the future." *Id.* A supporting declaration filed by plaintiff Christopher Caldwell explains that he and his wife "will likely establish 529 college savings accounts on their behalf." [Doc. 33-2, p. 3]

1        The Court notes that none of the three minor children were involved in the incident on November 6, 2012. None of the children has alleged any sort of physical or psychological injuries arising from the events of this case. The children's claims in this suit are purely derivative of their fathers' injuries. The plaintiffs agree that "[b]y all accounts, our daughters are developing normally." [Doc. 33-2, p. 2]

       In light of the foregoing, this Court concludes that the $20,000 settlement for each of the minors' derivative claims is fair and reasonable. The settlement is comparable to jury awards that other minors have received for loss of parental consortium. *See Jennings v. United States*, 92-522-CIV-J-10, 1993 WL 598267 (M.D. Fla., Jan. 1992) (jury awarded $20,000 to injured tank engineer's three minor children for loss of consortium); *Wendel v. Travelers Ins. Co.*, 151 So. 3d 828, 831 (La. Ct. App. 2014) (Louisiana jury awarded $50,000 to each of plaintiffs' two daughters for loss of consortium based on injuries sustained by their father in a car accident).

       The Court also approves of the Caldwells' plan to use the $20,000 awards for their daughters' future college education. At the telephonic hearing, plaintiffs' counsel assured the Court that "[w]ithout a doubt, I can confirm that each of the girls will get their $20,000 unburdened by fees, unburdened by expenses, directly deposited into an account that is in trust for the child's education and welfare." This was confirmed by plaintiff Christopher Caldwell. Based on those representations, the Court finds it appropriate to entrust the money to the minors' parents and finds it unnecessary to establish a separate trust, guardianship, or court approval of disbursements.[1]

---

[1] Under *Robidoux*, the Court is not required to conduct an inquiry into the reasonableness of attorneys' fees. Nonetheless, at the Court's request, plaintiffs' counsel submitted a confidential statement of their fees in this case and the basis for those fees. This Court has reviewed the confidential submission and determined that counsel's fees are reasonable in light of the complexity of the claims, the uncertainty of recovery, and the favorable result for the minors. Furthermore, at the hearing, plaintiffs' counsel assured the Court that all costs and fees will be deducted from the adult plaintiffs' portion of the settlement, so that each minor will receive the full $20,000 "unburdened" by any other expenses.

**D. Conclusion**

For the foregoing reasons, the Joint Motion is GRANTED and the proposed compromise of the minors' claims is APPROVED. The District Court will retain jurisdiction of this case for entry of a final judgment.

This Court sets a telephonic Settlement Disposition Conference with counsel only for **August 28, 2015,** at **10:00a.m.** before Magistrate Judge Crawford. Plaintiffs' counsel will initiate the conference call. The conference will be vacated if the parties file the appropriate dismissal papers before that time.

**IT IS SO ORDERED.**

Date: July 9, 2015

KAREN S. CRAWFORD
United States Magistrate Judge